**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN ANDERSON, an individual,**

    **Plaintiff,**

v.                                               Case No. 8:12-cv-1756-T-30MAP

**STIEFEL ALUMINUM INC, a foreign**
**corporation.; ROBERT RILEY,**
**individually,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 29) and Defendants' Response in Opposition (Dkt. 32). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

**BACKGROUND**

On August 3, 2012, Plaintiff brought this case against Defendants under the Fair Labor Standards Act ("FLSA"). Plaintiff's FLSA claim sought overtime damages. Plaintiff alleged that Defendants unlawfully classified Plaintiff as an exempt employee during his final five months of employment to avoid compensating him for time worked in excess of forty hours per week. Plaintiff was paid a flat salary of $800.00 per week for all the hours that Plaintiff worked.

The record reflects that, in late August 2012, although Defendants maintained that Plaintiff was properly classified as exempt, Defendants offered to settle the instant action for the amount of overtime hours Plaintiff allegedly worked. Defendants' valuation of this potential misclassification included dividing the $800.00 weekly salary by the alleged overtime hours Plaintiff worked per week, which provided the regular rate, and then compensating Plaintiff for the overtime hours worked by multiplying them by half the regular rate because Plaintiff had already been compensated for the overtime hours at straight time. Defendants' settlement offer on August 31, 2012, employing this method of valuation, amounted to $6,702.08 in overtime hours, $6,702.08 in liquidated damages, and attorney's fees and costs in the amount of $2,350, for a total settlement of $15,754.16.

Plaintiff rejected the settlement and took the position that Defendants' damages calculation was incorrect because the overtime hours were entitled to a time-and-one-half valuation. The record reflects that Plaintiff initially sought approximately $80,000 in damages.

The parties engaged in extensive discovery; for example, Plaintiff's counsel took seven depositions. The parties reached a settlement in June 2013. The settlement reflects that Plaintiff agreed to $8,800 in damages ($4,400 for overtime pay and an equal amount for liquidated damages). This amount is *less than* the amount Defendants offered on August 31, 2012, approximately nine months prior to the June 2013 settlement.

On June 14, 2013, the parties filed a joint motion for approval of the settlement agreement and a stipulation for dismissal with prejudice, and requested the Court to reserve jurisdiction on the issue of an award of reasonable fees and costs to Plaintiff.

Plaintiff now seeks attorney's fees in the amount of $63,630.00 and costs in the amount of $8,522.49. Defendants oppose Plaintiff's fee amount and argue that this number should be drastically reduced to approximately eleven percent of the amount sought, i.e., $6,999.30. The Court agrees that Plaintiff's fees should be substantially reduced because Plaintiff's initial valuation of the damages in this case and thus, the additional litigation, were unreasonable.

## **DISCUSSION**

29 U.S.C. § 216(b) requires an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the FLSA. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). After determining the "lodestar", the fees may then be adjusted in accordance with the results obtained. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Defendants do not challenge the lodestar amount, but argue that this amount ($63,630.00) should be reduced based upon the results obtained in this case. The Court agrees. Notably:

> [I]f ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. In such a case, the district court has

> the discretion to reduce the modified lodestar amount to reflect the degree of success obtained.

*Roldan v. Pure Air Solutions, Inc.*, 2010 WL 410571, at *6 (S.D. Fla. Jan. 29, 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. at 434-38) (internal quotations omitted).

In the instant case, Plaintiff achieved minimal success in the litigation, recovering approximately eleven percent of his initial calculation of his damages. The record reflects that, at the beginning of this lawsuit, Defendants offered Plaintiff almost exactly the amount of damages the parties reached at settlement. From the inception of this lawsuit, Plaintiff's counsel applied a legally unsupported valuation of Plaintiff's damages, which needlessly increased the amount of attorney's fees Plaintiff incurred in this case.[1] Indeed, this case proceeded for approximately nine months, only to settle at an amount consistent with Defendants' initial valuation of Plaintiff's damages, which Defendants offered in August 2012, *the same month this lawsuit was filed*.

Under the facts of this case, the Court concludes that Plaintiff's success was extremely limited. Thus, the lodestar should be *significantly* reduced. *See Roldan*, 2010 WL 410571, at *7 (ordering an eighty-five percent reduction in an FLSA fee request due to limited success at trial); *see also Andriello v. CFI Sales & Mktg.*, 2012 WL 3264506, at *3 (noting that the Magistrate reduced the lodestar by seventy percent in large part because of the very limited results that the plaintiffs achieved).

---

[1] The law is clear that the half-time method applies when the employee's salary was intended to compensate the employee for all the hours he worked. *See* 29 CFR § 778.114; *see also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013) (discussing same); *Rodriguez v. Farm Store Groceries*, 518 F.3d 1259 (11th Cir. 2008).

Accordingly, with respect to Plaintiff's attorney's fees, the Court reduces the lodestar amount of $63,630.00 to $7,175.00, which reflects the amount of fees that are reasonable given Plaintiff's extremely limited success in this case as outlined above. This amount is a little more than eleven percent of the lodestar amount, which is the amount Defendants averred in their response. The Court calculated this amount by awarding Plaintiff the fees his counsel incurred from August 1, 2012 to August 31, 2012, the time from the inception of this lawsuit, including the initial meeting with the client and the drafting of the complaint, through and including the date of Defendants' August 31, 2012 settlement offer discussed above. Notably, these fees include 2.5 hours of legal research on "FWW", i.e., fluctuating work week, and "halftime pay". (Dkt. 29-4; time entry from 8/30/2012). Plaintiff's additional litigation after August 31, 2012, was unreasonable and did nothing to add to the success of Plaintiff's case because Plaintiff's counsel should have understood by August 31, 2012, that the half-time method applied to value Plaintiff's overtime hours. The additional litigation had no bearing on the settlement amount, which was less than Defendants' August 31, 2012 settlement offer. Thus, Plaintiff is entitled to **$7,175.00** in attorney's fees.[2]

Plaintiff also requests costs in the amount of $8,522.49. The Court reduces this amount to **$535.55**, the costs reasonably and necessarily incurred in this litigation. Specifically, Plaintiff is entitled to the $350.00 filing fee, costs for service of the summons to both Defendants in the total amount of $180.00, and copy and postage costs incurred on

---

[2] In light of this significant reduction, the Court will not address Defendants' argument that the lodestar amount includes unrelated time entries.

August 2, 2012, in the amount of $5.55.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 29) is granted in part and denied in part to the extent stated herein.

2. The Court awards Plaintiff attorney's fees in the amount of $7,175.00 and costs in the amount of $535.55, for a total award of **$7,710.55**. The Clerk of Court is directed to enter judgment accordingly.

3. Plaintiff's Unopposed Motion for Leave to File a Reply (Dkt. 33) is denied as moot.

4. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1756.mtfees.frm